[ECF No. 68]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SHARIESE ABDULLAH,<br><br>           Plaintiff,<br><br>  v.<br><br>ROWAN UNIVERSITY, et al.,<br><br>           Defendants. | Civil No. 21-19256 (RMB/MJS) |

### OPINION & ORDER DENYING PLAINTIFF'S MOTION FOR PRO BONO COUNSEL

This matter comes before the Court upon the motion seeking the appointment of pro bono counsel ("Motion") filed by pro se plaintiff Shariese Abdullah ("Plaintiff"). Defendants Rowan University and Noah Weinstein ("Defendants") have not filed an opposition to this Motion. The Court exercises its discretion to decide the Motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, Plaintiff's Motion is **DENIED**.

This case has been administratively terminated since September 22, 2022, after the parties "reported to the Court that it would be productive to have more time to refine and pursue a potential resolution of Plaintiff's claims." ECF No. 40. Upon request of counsel, on March 29, 2023, the Court conducted an in-person settlement conference with the parties. ECF Nos. 51-52.

1

Thereafter, the parties were to continue their settlement discussions [ECF No. 52], and the Court scheduled a follow-up settlement conference for June 8, 2023. ECF No. 58. However, Plaintiff's counsel at the time filed a motion to withdraw as counsel on June 5, 2023. ECF No. 59. Accordingly, the Court adjourned the June 8, 2023 settlement conference and scheduled a hearing for July 13, 2023 to address the motion to withdraw. ECF No. 61. At the July 13, 2023 hearing, the Court granted counsel's motion to withdraw and ordered Plaintiff to "obtain new representation or enter an appearance as a self-represented party within 30 days" of the Order. ECF No. 67. Plaintiff filed this Motion on July 25, 2023.

    Plaintiff wrote in support of her Motion:

> At this time, I have limited funds I work part-time and my scholastic internship funding ends October 2023. I live on a fixed income on social security, and I use my funds from my disability benefits to pay, the Montgomery Law firm $400 a month, pay rent, medical bills, $100 a month for transportation, in combination with working and SSD, I make only earn $15,900 a yr. I pay medical co-payments for specialists. The pro-bono attorney would help me understand my case better and when I am ill, could explain to me in details the legal terms, and I was recently hospitalized and this service can help me financially, cause I currently owe Montogomery Law Firm $12,200 for their services.

ECF No. 68 at 3 (reproduced as written). In response to why she is "unable to attain an attorney," Plaintiff wrote, "I have contacted several lawyer's since meeting with the Judge but, many will not

2

consider the case with out a large retainer fee or a $400 or $500 consultant fee and I have to pay tuition and see medical specialist for hospitalization." Id. (reproduced as written).

While there is no constitutional right to counsel in a civil case, see Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) (citing Parham v. Johnson, 126 F.3d 454, 456–57 (3d Cir. 1997)), the District Court, may, pursuant to 28 U.S.C. § 1915(e), request that an attorney represent an indigent plaintiff in a civil action.

To consider the merits of Plaintiff's request for pro bono counsel, the Court evaluates the factors articulated by the United States Court of Appeals for the Third Circuit, including:

> (1)  the plaintiff's ability to present his or her own case;
>
> (2)  the complexity of the legal issues;
>
> (3)  the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
>
> (4)  the amount a case is likely to turn on credibility determination;
>
> (5)  whether the case will require the testimony of expert witnesses;
>
> (6)  whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457 (citing Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993)).[1] This list of factors is non-exhaustive, and

---

[1] Prior to considering the substance of Plaintiff's request for pro bono counsel, the court must establish that Plaintiff's claims

3

none of the above factors is individually determinative. Id. at 458.

The Court does not find that Plaintiff has sufficiently demonstrated the appointment of pro bono counsel is warranted in this case. Plaintiff's only argument in support of her Motion is that she cannot afford counsel. ECF No. 68. However, Plaintiff previously retained counsel to initiate this suit, and subsequently chose to terminate their representation, leading to this Court's granting of her former counsel's motion to withdraw. Many courts have denied motions for pro bono counsel, despite a party's representation of indigence, filed after a party's privately retained counsel was permitted to withdraw. See, e.g., Mohamed v. Atl. Cnty. Special Servs. Sch. Dist., Civ. No. 17-3911, 2021 WL 2206105 (D.N.J. June 1, 2021); Situ v. Lan Garden

---

have "some merit in fact and law." Tabron, 6 F.3d at 155. Plaintiff alleges the following claims in the amended complaint: (1) discrimination in violation of the American with Disabilities Act; (2) discrimination in violation of § 504 of the Rehabilitation Act; (3) race discrimination in violation of Title VI of the Civil Rights Act of 1964; (4) sex and gender discrimination in violation of Title IX of the Civil Rights Act of 1964; (5) violation of substantive and procedural due process pursuant to 42 U.S.C. § 1983; (6) violation of the New Jersey Law Against Discrimination; (7) negligent hiring, retention, training of staff, and failure to train; (8) emotional distress; (9) assault; and (10) battery. ECF No. 25. The Court notes that the filing of Plaintiff's amended complaint resulted in the Court denying Defendants' motion to dismiss as moot [ECF No. 24]. Defendants have not yet responded to the amended complaint, and the parties have since engaged in settlement discussions. For these reasons, the Court finds that, *for purposes of this Motion only*, Plaintiff's claims have some merit in fact and law.

Restaurant & Bar Inc., Civ. No. 17-8091, 2018 WL 11508162 (D.N.J. May 21, 2018); Boyd v. Plainfield Police Div., Civ. No. 15-2210, 2017 WL 1102633 (D.N.J. Mar. 24, 2017). Additionally, some courts have held that to be considered "indigent" for purposes of being granted pro bono counsel, a party must have been permitted to proceed IFP. See Situ, Civ. No. 17-8091, 2018 WL 11508162, at *3 ("Typically, courts first look to whether the movant has applied for and been granted in forma pauperis status prior to considering a motion for the appointment of pro bono counsel). Here, Plaintiff is not proceeding IFP and while she has alleged financial hardship, her allegations in the Motion alone are insufficient to warrant the appointment of counsel based on financial hardship.

Even if the Court were to find that Plaintiff cannot afford counsel based on IFP status, or otherwise, the mere demonstration of indigence, in the absence of other supporting factors, is not adequate to warrant the appointment of counsel. See Clinton v. Jersey City Police Dep't, Civ. No. 07-5686, 2009 WL 2230938, at *1 n. 4 (D.N.J. July 24, 2009). And because Plaintiff has not addressed any of the other Tabron factors in her Motion, the Court is unable to evaluate thoroughly whether this case presents circumstances warranting the appointment of pro bono counsel for Plaintiff.

Accordingly, **IT IS** on this **25th day** of **AUGUST 2023,**

**ORDERED** that Plaintiff's motion to appoint pro bono counsel [ECF No. 25] is **DENIED;** and it is further

**ORDERED** that Plaintiff's former counsel, Mr. Bradley Flynn, Esq., of Montgomery Law LLC, shall serve a copy of this Order on Plaintiff, as her address and contact information has not been added to the docket despite the Court's Order that Plaintiff enter an appearance as a self-represented party [ECF No. 67]. The Clerk's Office shall (1) mail a copy of this Order to Mr. Flynn at his address noted on the docket and (2) send Mr. Flynn an ECF notification of this Order at the email address on record[2]; and it is further

**ORDERED** that Mr. Flynn shall file a letter on the docket advising that he has served Plaintiff with a copy of this Order; and it is further

**ORDERED** that Plaintiff shall add her address and contact information to the docket by filing such information with the Clerk's Office within **21 days** of this Order.

                                       s/ Matthew J. Skahill
                                       MATTHEW J. SKAHILL
                                       United States Magistrate Judge

cc: Hon. Renée Marie Bumb
    Chief United States District Judge

---

[2] The Court notes that Mr. Flynn has previously been terminated as counsel of record for Plaintiff [ECF No. 67] and may no longer automatically receive ECF notifications for this case.