

James A. Keller
Phone: (215) 972-1964
Fax: (215) 972-4152
James.Keller@saul.com
www.saul.com

May 5, 2025

**Via ECF**
Hon. Matthew J. Skahill, U.S.M.J.
United States District Court, District of New Jersey
Mitchell H. Cohen Courthouse
4th and Cooper Streets
Camden, New Jersey 08101

  Re: **Shariese Abdullah v. Rowan University & Noah Weinstein**
     **No.: 1:21-cv-19256**

Dear Judge Skahill:

  I am writing on behalf of Defendant Rowan University ("Rowan") in the above-referenced matter to respectfully request that the Court deny Plaintiff Shariese Abdullah's ("Plaintiff") motion for the appointment of pro bono counsel and dismiss the case with prejudice due to Plaintiff's failure to prosecute and the numerous requests to obtain new counsel already granted to Plaintiff.

  As this Court is aware, this matter has been pending since October 22, 2021, at which time Plaintiff was represented by counsel. The procedural history of this case since June 2023 shows Plaintiff failing to advance her case despite multiple opportunities to do so:

- On June 5, 2023, Plaintiff's counsel made a motion to be relieved as counsel, stating in part that Plaintiff "requested to terminate [that firm's] representation of her." ECF No. 59.
- On July 14, 2023, the Court granted the motion to withdraw and gave Plaintiff 30 days to obtain new counsel or enter an appearance as a self-represented party. ECF No. 67.
- On July 25, 2023, Plaintiff made a motion requesting the appointment of pro bono counsel. ECF No 68.
- On August 25, 2023, this Court denied Plaintiff's motion. ECF No. 70.
- On November 30, 2023, Plaintiff sought leave of court to obtain new counsel. ECF No. 81.
- On December 1, 2023, this Court granted Plaintiff's request and gave Plaintiff approximately two weeks to obtain new counsel. ECF No. 82.
- Several weeks later, on January 19, 2024, attorney Gary Grant filed a notice of appearance on behalf of Plaintiff [ECF No. 85], and then sought the Court's permission to make a limited appearance to oppose Rowan's [then pending] motion to dismiss. ECF No. 86.

Centre Square West ◆ 1500 Market Street, 38th Floor ◆ Philadelphia, PA 19102-2186
Phone: (215) 972-7777 ◆ Fax: (215) 972-7725

DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP
55532619.3

May 5, 2025
Page 2

- On February 23, 2024, the Court granted this motion. ECF No. 92.
- On December 19, 2024, during a telephone conference between counsel for the Parties and Your Honor, Mr. Grant indicated he would be unable to proceed as counsel. See ECF No. 112. Mr. Grant stated that another attorney, Julie Globus, would be appearing on behalf of Plaintiff. Your Honor then instructed that Ms. Globus enter her appearance. ECF No. 112.
- On January 30, 2025, during another telephone conference between counsel for the Parties and Your Honor, the Court acknowledged that Mr. Grant's representation of Plaintiff was terminated and Plaintiff was given 30 days to secure new counsel. ECF No. 115.
- On March 26, 2025, Ms. Globus participated in the scheduled telephone status conference with Your Honor and counsel for Rowan, during which time this Court ordered Ms. Globus to enter her appearance in this matter. ECF No. 117.
- Via an improperly-submitted letter evaluated in more detail below, on April 28, 2025 Plaintiff sought further relief from the Court. ECF No. 118.
- On May 2, 2025, Ms. Globus for the first time advised the Court that she was not admitted to practice in the District of New Jersey and is unable to enter her appearance.

**The Court Should Honor Plaintiff's Request for Dismissal of Her Case – But with Prejudice**

In her April 28, 2025 letter, Plaintiff asks the Court to dismiss her case, but without prejudice. The Court at a minimum should grant Plaintiff's request to dismiss her case. However, the University submits that this dismissal should be with prejudice, even if that is deemed to be an "involuntary dismissal." Fed.R.Civ.P. 41(b) provides that involuntary dismissal is appropriate when a "plaintiff fails to prosecute or to comply with these rules or a court order." Courts generally consider six factors when determining whether or not to dismiss under Rule 41(b): (1) the extent of the party's responsibility; (2) the prejudice to the adversary caused by the party's actions or inaction; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. Melvin v. Astbury, 2006 WL 1084225, at *2 (D.N.J. Apr. 21, 2006).

Despite nearly four years and numerous extensions and opportunities to obtain counsel, Plaintiff has failed to prosecute her case, to the point that there have been no case management deadlines set in this matter. Plaintiff herself acknowledges difficulties in securing legal representation and managing the case due to her disabilities. The University will, for now, take at face value Plaintiff's explanations about her difficulty in obtaining counsel. Those challenges, however, do not excuse the continued lack of progress and repeated failure to adhere to court protocols. See Melvin v. Astbury, 2006 WL 1084225, at *2 ("Failure to prosecute does not require that the party take affirmative steps to delay the case…if a pro se plaintiff has been provided with ample opportunity and information…, but nevertheless has continually disregarded [her] obligations as a litigant, it is not beyond the discretion of the court to dismiss [her] claim..").

As such, Plaintiff's case should be dismissed with prejudice.

**Denial of Motion for Pro Bono Counsel**

If for some reason the Court does not dismiss this matter, the Court should nonetheless deny Plaintiff's motion for appointment of pro bono counsel. By letter dated April 28, 2025, Plaintiff putatively "moved" for the appointment of pro bono counsel under 28 U.S.C. § 1915(e)(1). ECF No. 118. While the referenced statute permits the Court to request an attorney to represent a person proceeding in forma pauperis, it is not a constitutional right, and the decision rests within the Court's discretion. In exercising that discretion, this Court typically considers (1) the plaintiff's ability to present his or her case; (2) the complexity of the legal issues involved; (3) the degree to which factual investigation will be necessary and the plaintiff's ability to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require expert testimony; and (6) whether the plaintiff can attain and afford legal counsel. Parham v. Johnson, 126 F.3d 454, 456–57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993).

Plaintiff's previous motion to have pro bono counsel appointed was denied, and there have been no significant changes in circumstances that would justify a different outcome at this time. ECF No. 70. In fact, nearly two years have passed since Plaintiff's prior motion, and she has completely failed to advance her case. Moreover, in Plaintiff's pending motion, she has not satisfied any of the relevant factors this Court would consider on this motion—Plaintiff simply avers that she "could not find an attorney willing to take [her] case". Notably, even if this Court were to permit Plaintiff to obtain pro bono counsel, there is no guarantee that Plaintiff will find an attorney willing to take her case. From the University's perspective, this is not surprising, given the University's view of the merits of Plaintiff' case.

Finally, the legal issues that would remain in this case are not complex, and Plaintiff has not shown an inability to present her case effectively without an attorney. As such, Plaintiff's motion to have pro bono counsel appointed should be denied.

The Court has already extended considerable leniency toward Plaintiff, and further delays would prejudice Rowan and undermine the efficient administration of justice. Therefore, we respectfully request that the Court dismiss this case with prejudice to prevent further undue delay and to bring finality to this matter.

Thank you for your consideration of this request. I am of course happy to speak at Your Honor's convenience.

Respectfully submitted,

James A. Keller

cc:   Shariese Abdullah, via regular mail